**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **KARLEE CAMEJO** | : | Case No. 1:25-cv-242 |
| **2731 Cleinview Avenue, Unit 2** | : | |
| **Cincinnati, OH 45206** | : | Judge |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **ALPINEREPLAY, INC.** | : | |
| **7281 Garden Grove, Blvd., H** | : | |
| **Garden Grove, CA 92841** | : | |
| | : | |
| **Defendant.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Karlee Camejo, for her Complaint against AlpineReplay, Inc., d/b/a Trace, states as follows:

### I.      PRELIMINARY STATEMENT

1.      This is a civil rights action arising out of Plaintiff Karlee Camejo's employment with Defendant.  Plaintiff alleges that Defendant terminated her because of her pregnancy and/or gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Pregnancy Discrimination Act of 1978 amendment to Title VII ("PDA"), and the Ohio Civil Rights Act, Ohio Rev. Code 4112.01, *et seq.* Plaintiff also alleges that Defendant's decision to terminate her was in retaliation for exercising her rights under these laws.

2.      Plaintiff seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, liquidated damages, compensatory damages for her non-economic injuries, equitable relief in the form of reinstatement

1

and/or front pay, and punitive damages. Finally, Plaintiff seek payment of her reasonable attorney fees and costs.

## II.     JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq*, and 29 U.S.C. § 2601, *et seq.* This Court may assume supplemental jurisdiction over Plaintiff's claims under Ohio law pursuant to 28 U.S.C. § 1367 because her state law claims arise from the same case or controversy as her federal claims.

4.     Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III.     ADMINISTRATIVE HISTORY

5.     On or about March 13, 2024, Camejo filed a charge of discrimination (No. 451-2024-02453) with the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging sex and pregnancy discrimination and retaliation.

6.     Camejo was issued a Notice of Right to Sue from the EEOC on January 22, 2025.

7.     Camejo has timely filed this claim within 90 days of the issuance of that notice.

## IV.     PARTIES

8.     Plaintiff Karlee Camejo is a resident of Cincinnati, Ohio. Defendant employed Camejo as a Customer Success Team Lead during the relevant period.

9.     Defendant AlpineReplay, Inc., d/b/a Trace, ("Defendant") is a start-up company based in California and Texas. During the relevant period, Camejo was working remotely and based in Cincinnati, Ohio. Thus, the events that give rise to Camejo's claim occurred while she was working in Cincinnati, Ohio.

## V.     STATEMENT OF THE CASE

10. Defendant hired Camejo as a Customer Success Manager at its Texas location in January 2021. In April 2022, Camejo received a promotion to Customer Success Team Lead.

11. Camejo learned that she was pregnant in January 2022.

12. Camejo notified Defendant's Human Resources Director, Valeria Konytcheva, of pregnancy at the end of March 2022.

13. Camejo moved to Cincinnati, Ohio in July 2022, and continued working in the Customer Success Team Lead role remotely. While working remotely in Cincinnati, Camejo reported through the Texas location.

14. In or about May 2022, Defendant informed Camejo that it was hiring for Manager of Customer Success. Defendant asked Camejo to assist in interviewing external candidates for this position. Defendant did not provide Camejo with an opportunity to interview for this position. Defendant subsequently hired a male candidate for the Manager of Customer Success position.

15. In or about September 2022, Camejo sent an email to the CFO, Jason Gardner, the HR Director, Konytcheva, and her manager, Katlyn Bressler, requesting a raise. In support of her request, Camejo provided a record of her contributions to the company to illustrate that she was deserving of the raise.

16. On or about October 15, 2022, Camejo met with Gardner to discuss her request. Gardner stated that the company would not provide Camejo with a raise prior to her taking maternity leave.

17. Thereafter, Gardner stated that the company would be hiring a Vice President of Customer Success in the near future and indicated Camejo would be a candidate for this position.

18. Camejo began her maternity leave on or about October 17, 2022.

19. Camejo's manager, Bressler, took maternity leave beginning on or about November 2022. Defendant terminated Bressler with five weeks remaining of her maternity leave.

20. Camejo returned from maternity leave on or about February 6, 2023.

21. Upon her return, Camejo became aware that Defendant had hired Bri Dominguez to fill the Vice President of Customer Success position.

22. Defendant did not present Camejo with an opportunity to interview for the Vice President of Customer Success position or otherwise notify her of its search for the position.

23. In or about April 2023, Defendant informed Camejo that she would receive a quarterly bonus. However, Defendant indicated that it would be prorated to account for the period of time Camejo was on maternity leave.

24. In or about May 2023, Camejo attended an onsite meeting in Austin, Texas. At the end of the meeting, the CEO, David Lokshin, asked Camejo if she planned on having any more children. Camejo responded that she did.

25. While present at the onsite meeting, Camejo revisited the conversation with Gardner regarding opportunities for career advancement within the company. Gardner advised Camejo to schedule a meeting with Dominguez to discuss her interest in advancing.

26. On or about May 22, 2023, Camejo met with Dominguez. Camejo expressed concerns regarding Gardner's refusal to discuss opportunities for career advancement with Camejo. Camejo expressed that she believed Garnder's refusal to hold these discussions was due to his belief that she would not return from maternity leave after having her next child. Dominguez stated that she would alert HR of Camejo's concerns.

27. On May 26, 2023, four days after Camejo raised these concerns with Dominguez, Dominguez and Konytcheva informed Camejo that Defendant was terminating her employment. Defendant did not provide Camejo with a reason for termination.

28. As a direct and proximate result of Defendant's unlawful actions, Camejo has suffered and continues to suffer economic injuries in the form of lost pay and benefits, as well as non-economic injuries, including emotional distress and pain and suffering.

## VI. STATEMENT OF THE CLAIMS

### Count I: Pregnancy and Sex Discrimination
### (Pregnancy Discrimination Act, 42 USC § 2000e, and Ohio Rev. Code § 4112.02)

29. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

30. At all relevant times herein, Plaintiff was either pregnant or had recently given birth to her child.

31. Plaintiff was qualified to perform the duties of her position.

32. Defendant discriminatory actions toward Plaintiff was motivated in whole or in part by her pregnancy and childbirth.

33. Defendant indicated to Plaintiff that she would be considered for the Vice President of Customer Success and subsequently filled the role with another non-pregnant candidate while Plaintiff was on maternity leave.

34. Defendant thereafter terminated Plaintiff shortly after her return to work from maternity leave.

35. Defendant treated Plaintiff differently than other non-pregnant persons who were similar in their ability or inability to work.

36. As a result of Defendant's illegal actions, Plaintiff has suffered damages including lost wages and emotional distress.

37. Defendant acted with malice and a conscious disregard for Plaintiff's federally protected rights.

### Count II: Retaliation
### (Pregnancy Discrimination Act, 42 U.S.C. § 2000e, and Ohio Rev. Code § 4112.02)

38. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

39. Plaintiff expressed to Defendant that she was interested in pursuing opportunities for career advancement within the company. Plaintiff also made several requests for a pay increase, citing excellent work performance in support.

40. Defendant was aware that Plaintiff was interested in pursuing career advancement and/or a pay increase within the company.

41. Although several internal positions became available after Plaintiff inquired about career advancement within the company, Defendant did not consider Plaintiff as a candidate to fill these positions.

42. When Plaintiff inquired about a pay increase, Defendant responded that they were unwilling to consider providing a pay raise to Plaintiff prior to her taking maternity leave.

43. Plaintiff raised concerns regarding disparate treatment on the basis of her status as a pregnant woman and/or on the basis of her gender to her supervisor.

44. After returning from maternity leave, Camejo opposed what she reasonably and in good faith believed to discrimination when she complained to Dominguez that Gardner would not discuss career advancement with her due to her expressed desire to have more children.

45. Defendants terminated Camejo because of the concerns raised.

46. Defendant's justification for terminating Camejo is pretext for illegal discrimination.

47. As a result of Defendant's illegal actions, Camejo has suffered damages including lost wages and emotional distress.

48. Defendant acted with malice and a conscious disregard for Camejo's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against AlpineReplay, Inc. d/b/a Trace as follows:

1. An award of compensatory damages for all economic damages Plaintiff suffered in an amount to be determined at trial, plus interest;

2. An order reinstating Plaintiff to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

3. An award of compensatory damages for all noneconomic damages suffered;

4. An award of punitive damages;

5. An award of Plaintiff's reasonable attorney fees and costs; and

6. An award of any other relief in law or equity to which Plaintiff is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Counsel for Plaintiff Karlee Camejo*

## JURY DEMAND

Plaintiff Karlee Camejo demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)